NOTE: CHANGES MADE BY THE COURT

JOHN R. YATES, ESQ. (State Bar No. 120344)
jyates@greenbass.com
MICHAEL J. CONWAY, ESQ. (State Bar No. 180604)
mconway@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Plaintiff
COHEN INTERNATIONAL, INC.
dba HYDRO CLOTHING

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cohen International, Inc. dba Hydro Clothing, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Fox Head, Inc., a California corporation; Macy's Retail Holdings, Inc. doing business as Macy's, a New York corporation; Zumiez, Inc., a Washington corporation; Tilly's, Inc., a Delaware corporation; The Buckle, Inc., a Nebraska corporation; and Does 1 through 10,<br><br>Defendants. | CASE NO.: 2:14-cv-3318 FMO (PLAx)<br><br>**ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS** |

1
[PROPOSED] ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED as follows:

1. The following procedures shall govern the production of all "Discovery Materials" that are designated as "CONFIDENTIAL" pursuant to paragraph 3 below, or "ATTORNEY EYES ONLY" pursuant to paragraph 3 below, including all copies, excerpts, summaries and information derived from them (collectively "Confidential Materials").

2. <u>Definitions</u>.

    a. <u>Party</u>. "Party" or "Parties" means any of the parties to this action, their affiliates, and their respective officers, directors and employees.

    b. <u>Documents</u>. "Document" or "Documents" means a writing, recording or photograph as defined in Federal Rules of Evidence Rule 1001, whether original or duplicate, and includes, but is not limited to, exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admission, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the of the foregoing.

    c. <u>Discovery Materials</u>. "Discovery Materials" means any information, Document or tangible thing produced during discovery in this action, including, but not limited to, answers to interrogatories, requests for admissions, all Documents produced by Parties or non-parties, in response to subpoenas duces tecum, deposition testimony, and information contained therein, and information provided during any settlement discussions.

    d. <u>Designating Party</u>. "Designating Party" means a Party or third party in this action that designates materials produced or utilized in this litigation by any Party or any third party (subject to subpoena or otherwise), as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

e. <u>Receiving Party</u>.  "Receiving Party" means a Party to this action and all employees, agents and directors (other than counsel) of the Party, who receives Discovery Materials.

f. <u>Confidential Information</u>. "CONFIDENTIAL" is defined as confidential or sensitive proprietary, business, commercial or personal or private information.

g. <u>Attorney Eyes Only Information</u>. "ATTORNEY EYES ONLY" is defined as particularly confidential, including information referring to or containing trade secrets, confidential research, development, business or financial information or other confidential information, that, if disclosed, could cause irreparable competitive or other injury.

3. Any Party or non-party who produces Discovery Materials or gives testimony in this action may designate information as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" in the following manner; any such designation must be made in good faith:

a. <u>Designation of Documents</u>:

i. Any Document produced or given by any Party during discovery, hearings or trial in this case which sets forth or contains any "CONFIDENTIAL" information (as defined above) may be designated by a Party or other producing party with the notation that it is "CONFIDENTIAL." The notation "CONFIDENTIAL" shall be placed on every page of each Document so designated.

ii. Any Document produced or given by any Party during discovery, hearings or trial in this case which sets forth or contains any "ATTORNEY EYES ONLY" information (as defined above) may be designated by a Party or other producing party with the notation that it is "ATTORNEY EYES ONLY." The notation "ATTORNEY EYES ONLY" shall be placed on every page of each Document so designated.

   b. <u>Designation of Computer Media</u>:

    i. Any "CONFIDENTIAL" information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" prior to production.  In the event a Receiving Party generates any "hard copy" or printout from any such disks, that Party must immediately stamp each page "CONFIDENTIAL" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

    ii. Any "ATTORNEY EYES ONLY" information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "ATTORNEY EYES ONLY" prior to production.  In the event a Receiving Party generates any "hard copy" or printout from any such disks, that Party must immediately stamp each page "ATTORNEY EYES ONLY" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

   c. <u>Designation of Deposition Testimony</u>:

    i. Deposition testimony may be designated "CONFIDENTIAL" by oral designation on the record, or within ten (10) days after the transcript of such deposition is made available to the designating party.  The Party making the designation shall instruct the court reporter (with simultaneous notice to all other Parties) to separately bind the portions of the deposition transcript so designated, and to stamp the words "CONFIDENTIAL" on each page of the transcript as appropriate.  Pending expiration of this ten (10) day period, all Parties shall treat the testimony and exhibits as if such materials had been designated as "CONFIDENTIAL."

    ii. Deposition testimony may be designated "ATTORNEY EYES ONLY" by oral designation on the record, or within ten (10) days after the transcript of such deposition is made available to the designating party.  The Party making the designation shall instruct the court reporter (with simultaneous notice to all other Parties) to separately bind the portions of the deposition transcript so

designated, and to stamp the words "ATTORNEY EYES ONLY" on each page of the transcript as appropriate. Pending expiration of this ten (10) day period, all Parties shall treat the testimony and exhibits as if such materials had been designated as "ATTORNEY EYES ONLY."

4. "CONFIDENTIAL" information and materials may not be disclosed except as set forth in paragraph 5 below. Confidential Materials shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose. The restrictions on use of Confidential Materials set forth in this Order shall survive the conclusion of this litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Order.

5. "CONFIDENTIAL" information and materials may be disclosed only to the following:

 a. The Receiving Party;

 b. Counsel of record for the Receiving Party;

 c. Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (b) above;

 d. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

 e. The individual(s) who authored, prepared or received the information;

 f. Any former officer, director or employee of a Party concerning all "CONFIDENTIAL" information produced by that Party, disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that such person is advised of the terms of this Order and agrees to maintain the confidentiality of the information disclosed in accordance herewith;

 g. Any individual who does not come within paragraphs 5(a)-(f) above, disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that such person is advised of the

terms of this Order and agrees to maintain the confidentiality of the information disclosed in accordance herewith; and

      h.    Any consultant or expert, not including a Party to this action, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms.  This acknowledgement shall be made by execution of the Undertaking attached to this Order as Exhibit A.  All such written acknowledgments for testifying experts shall be produced by counsel making the disclosure of the Confidential Information at the time the expert is disclosed as a testifying expert.  With respect to any non-testifying expert or consultant, counsel making the disclosure of the Confidential Information shall maintain the written acknowledgment in their files.

6.    "ATTORNEY EYES ONLY" information and materials may not be disclosed except as set forth in paragraph 7 below.  Attorney Eyes Only Materials shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose.  The restrictions on use of Attorney Eyes Only Materials set forth in this Order shall survive the conclusion of this litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Order.

7.    "ATTORNEY EYES ONLY" information and materials may be disclosed only to the following:

      a.    Counsel of record for the Receiving Party;

      b.    Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (b) above;

      c.    The individual(s) who authored, prepared or received the information;

      d.    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial and trial of this

action;

    e. Any consultant or expert, not including a Party to this action, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms.  This acknowledgement shall be made by execution of the Undertaking attached to this Order as Exhibit A.  All such written acknowledgments for testifying experts shall be produced by counsel making the disclosure of the Confidential Information at the time the expert is disclosed as a testifying expert. With respect to any non-testifying expert or consultant, counsel making the disclosure of the Confidential Information shall maintain the written acknowledgment in their files.

  8. <u>Challenging Designations</u>. A Party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The designation or failure to designate material as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall not be determinative of that material's status as a trade secret or proprietary information.  A Party that elects to initiate a challenge to a Designating Party's designation must do so in good faith and must begin the process in writing by letter or other document identifying the specific material challenged and explaining the basis for its belief that the designation was not proper.  A Party initiating a good faith challenge may take the position that the challenged information is not entitled to any protection in terms of confidentiality.  Within seven (7) days of such a challenge, the Designating Party shall substantiate the basis for such designation in writing to the other Party, or waive the protections of this Order with respect to the challenged information. The Parties shall first attempt to resolve such challenges in good faith on an informal basis.  If the dispute cannot be informally resolved, the Party seeking to maintain the designation may seek appropriate relief from the Court **in compliance with Local Rule 37**, which may include filing a motion for a protective order.  If such



relief is not sought within thirty (30) days after the letter substantiating the designations was sent to the Receiving Party, the challenged information shall be re-designated in accordance with the challenging Party's proposed designation as set forth in the letter referenced herein by the challenging Party.  The burden of proof shall be on the Party claiming confidentiality.  Any document designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved in the manner set forth herein.  If a motion is filed pursuant to this paragraph, the Court **may** impose a monetary sanction against any Party who unsuccessfully makes or opposes such a motion, unless the Court finds that the Party subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

9. <u>Witness Procedures</u>.

a. A Party or present officer, director or employee of a Party may be examined and may testify concerning all "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information produced by that Party;

b. A former officer, director or employee of a Party may be examined and may testify concerning all "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information produced by that Party, which clearly appears on its face or from other Documents or testimony to have been prepared by, received by, known by or communicated to the former employee during the period of his or her employment (other than through inadvertent or wrongful disclosure);

c. Non-parties may be examined and may testify concerning any Document containing "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information, which clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party (other than through inadvertent disclosure);

d. Any individual who does not come within paragraph 5(a)-(c)

above may be examined and testify concerning any Document containing "CONFIDENTIAL" information, provided that such person is advised of the terms of this Order and agrees to maintain the confidentiality of the information disclosed in accordance herewith; and

    e. Counsel for the Parties may expressly agree on a case-by-case basis, in writing or orally, or on the record at depositions, to allow persons not listed in paragraphs 5 and 7(a)-(d) above to review (but not retain copies of) "CONFIDENTIAL" Documents or "ATTORNEY EYES ONLY" documents, which agreement shall not be unreasonably withheld.

  10. Any Party who files a motion with the Court that uses, refers to or incorporates "CONFIDENTIAL" or "ATTORNEY EYES ONLY" materials or information shall comply with the requirements of Local Rule 79-5 of the Local Rules of the United States District Court for the Central District of California.  All copies of such papers shall be kept in confidence by the other Parties as provided in this Order. **An application to file documents under seal must show good cause.**

  11. This Order, the fact of its adoption or entry, and any provision of this Order or form attached to this Order, shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce, modify or interpret the terms of this Order.  Nothing in this paragraph or this Order is intended to preclude the Court from modifying or vacating any order that might be entered in this action.

  12. Nothing in this Order shall prevent a damages expert retained by a party from communicating a sum/damages figure to a party.

  13. Nothing in this Order affects, in any way, the admissibility of any documents, testimony, or other evidence at trial, or the procedures to be used in connection therewith.  The Parties shall confer with the Court prior to the time of trial regarding the use and treatment of "CONFIDENTIAL" and "ATTORNEY EYES ONLY" Documents at trial.  Nothing in this Order affects or restricts the use of information obtained from third parties or from sources other than discovery, motion

practice, or voluntary disclosure of information by any Party conducted under the terms of this Order; or prevents disclosure beyond the terms of the Order if the Designating Party consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

14. A Party's use for any purpose of its own Documents and other things, which it produces or discloses in this action, shall not be considered a violation of the Order.

15. No Party shall be responsible to another Party or the Court for any use made of information produced and not identified by the producing Party as Confidential Information or Attorney Eyes Only in accordance with the provisions of this Order.

16. The inadvertent or unintentional disclosure by the Designating Party of Confidential Materials or Attorney Eyes Only Materials without an appropriate designation shall not be deemed a waiver, in whole or in part, of the confidential nature of such material, so long as such materials are designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" within a reasonable time following disclosure or production of such materials, which time period shall not exceed 45 days from the date such materials are disclosed or produced, or within such longer time period as may be approved by the Court on application or motion of the producing party. <u>Confidential and Attorney Eyes Only Materials so designated shall be governed by, and subject to, the terms of this Order</u>.

17. The Parties agree that all Documents produced in the above-captioned matter which are subject to any confidentiality agreement or non-disclosure agreement between the Designating Party and a third-party to this litigation shall be designated as "CONFIDENTIAL" and will be treated by the Receiving Party in accordance with this Order.

18. Should any person bound hereby receive a subpoena, civil investigation demand, or other process from a third party that may be construed to require the

disclosure of Confidential or Attorney Eyes Only Materials in any form, said person shall give notice promptly to the party who designated the information that is sought.

19. The procedures set forth herein shall not affect the rights of the Parties to object to discovery on the grounds other than those related to the confidentiality of the Documents, nor shall it relieve a Party of the necessity of proper responses or objections to discovery requests, nor shall it preclude any Party from seeking further relief or protective orders from the Court as may be appropriate.

20. Within sixty (60) days after the termination of this litigation and expiration of the time for appeal, all originals and copies of any documents containing Confidential or Attorney Eyes Only Materials, and all extracts of such documents, shall be returned to the Party who produced such documents or destroyed (at the option of the Receiving Party), unless that Party otherwise agrees in writing.

This Order may only be modified by written agreement of the Parties, subject to the approval of the Court, or by the Court upon good cause shown.

DATED: July 24, 2014        _____
                            Paul L. Abrams
                            UNITED STATES MAGISTRATE JUDGE